IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Isiah James, Jr. # 96883 )<br>)<br>Petitioner, )<br>) <br>vs. )<br>)<br>Warden, Ridgeland Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No.: 1:08-cv-02256-TLW |

## **ORDER**

Petitioner Isiah James, Jr., a prisoner proceeding *pro se*, filed a motion captioned "Motion for Relief from Judgment and to Disqualify District Judge" (hereafter "Rule 60(b) Motion") on March 18, 2016. ECF No. 119. He also filed a Motion to Recuse on March 28, 2016. ECF No. 120. Petitioner challenges the Court's entry of Summary Judgment for the Respondent on September 13, 2010. Respondent opposed the motion on April 4, 2016.[1] ECF No. 121. Petitioner did not reply. This matter is now ripe for disposition.

## **PROCEDURAL HISTORY**

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 18, 2008. ECF No. 1. Respondent filed a Motion for Summary Judgment on October 16, 2009. ECF Nos. 41-47. Because Petitioner is proceeding *pro se*, the Court issued an order on or

---

[1] After Petitioner filed the motions at issue, ECF Nos. 119, 120, Respondent filed a response captioned "Motion for Summary Judgment." ECF No. 121. The Respondent's motion was filed "for this motion to recuse and rule 60(b)(5)&(6) motion" and it responds in opposition to each of the issues presented in Petitioner's motions. *Id.* at 2. Likewise, the Court construes the Respondent's filing as a Response in Opposition to Petitioner's Motion for Recusal and Rule 60(b) Motion.

about October 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Respondent's Motion for Summary Judgment and the possible consequences if he failed to respond adequately. ECF No. 48. Petitioner filed a Response in Opposition to Respondent's Motion, ECF No. 50, and a Motion for Summary Judgment, ECF No. 51, both on November 10, 2009. On August 4, 2010, the Magistrate Judge issued a Report and Recommendation ("the Report") recommending that Respondent's Motion for Summary Judgment be granted and that Petitioner's Motion for Summary Judgment be denied. ECF No. 79. Petitioner objected to the Report on August 20, 2010. ECF No. 67. On September 13, 2010, this Court accepted the Report, overruled Petitioner's objections, granted the Respondent's Motion for Summary Judgment, and denied Petitioner's Motion for Summary Judgment. ECF No. 84.

Petitioner filed a Motion to Alter Order on September 24, 2010, ECF No. 72, seeking alteration of the Court's September 2010 Order Ruling on the Report and Recommendation (hereafter "Sept. 2010 Order"), ECF No. 69. Respondent filed a Response in Opposition to the Motion to Alter Order on October 1, 2010. ECF No. 74. By Order docketed on October 12, 2010, the Court denied Petitioner's Motion to Alter Order. ECF No. 75. Thereafter, Petitioner appealed the Sept. 2010 Order. The Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on November 4, 2011. ECF No. 94.

Approximately one year later on December 13, 2012, Petitioner filed a "Motion to Set Aside" the Sept. 2010 Order. ECF No. 95. That motion was denied on January 28, 2013. ECF No. 97. Petitioner then filed a Notice of Appeal of the 2013 order denying the Motion to Set Aside. ECF No. 103. The Fourth Circuit declined to issue a certificate of appealability and

dismissed the appeal on June 20, 2013. ECF No. 117.

Petitioner also filed a "Motion to Alter" the Sept. 2010 Judgment. ECF No. 99. On March 13, 2013, the Court denied the Motion to Alter the Judgment. ECF No. 108. Petitioner appealed and the appeal was terminated. ECF Nos. 112, 118.

This matter is now before the Court for consideration of Petitioner's March 18, 2016 and March 28, 2016 motions, filed nearly six years after the Court denied his § 2254 petition. Petitioner filed the motions under Rule 60(b) asking that the Court vacate its Sept. 2010 Order and requesting that Judge Wooten and a magistrate judge be disqualified. The Respondent filed a response to the motions on April 4, 2016 opposing recusal and the Petitioner's request for relief pursuant to Rule 60(b). ECF No. 121.

## **ANALYSIS**

Petitioner's Motion to Recuse, ECF No. 119, seeks disqualification of the judges involved in this case. However, Petitioner does not demonstrate any factual or legal basis upon which the United States District Court Judge or the United States Magistrate Judges should have recused themselves from this case. *See* 28 U.S.C.A. §§ 144, 455 (listing grounds upon which a judge should disqualify himself); *Patel*, 879 F.2d at 295 ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

Petitioner also filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6). ECF No. 120. The basis of Petitioner's Rule 60(b) motion is not entirely clear, but he appears to be requesting relief from the Sept. 2010 judgment based on the South Carolina Court of Appeal's order cited in the motion.

3

Federal Rule of Civil Procedure 60(b)(5)-(6) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). After careful review, the Court finds that Petitioner's Rule 60(b) motion is meritless and untimely and he is therefore not entitled to relief.

Regarding timing, a Rule 60(b) motion must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable). Petitioner filed the instant motions over six years after the entry of the judgment he is seeking to vacate and, likewise, his motion pursuant to Rule 60(b) is untimely.

Furthermore, even if he had filed his motion in a timely manner, the Fourth Circuit has already dismissed his direct appeal for the Sept. 2010 Order and his subsequent appeal for the same matter, and there is no merit to his motion. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them."); *McLawhorn v. John W. Daniel &*

4

*Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances)).

Based upon a review of the record in this case, the Court concludes that no legally sufficient basis exists to vacate this Court's September 13, 2010 Order or to require recusal in this case. Therefore, Petitioner's Rule 60(b) Motion, ECF No. 119, and Motion to Recuse, ECF No. 120, are **DENIED**.

**IT IS SO ORDERED**.

    _s/Terry L. Wooten_____
**TERRY L. WOOTEN**
Chief United States District Judge

November 17, 2016
Columbia, South Carolina