IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Isiah James, Jr. # 96883 )<br>)<br>Petitioner, )<br>) <br>v. )<br>)<br>Warden, Ridgeland Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____) | Civil Action No.: 1:08-cv-02256-TLW |

## **ORDER**

Petitioner Isiah James, Jr., a prisoner proceeding *pro se*, filed a Motion to Set Aside Judgment pursuant to Rule 60(b) on April 13, 2017. ECF No. 130. Petitioner challenges the Court's entry of Summary Judgment for the Respondent on September 13, 2010 and requests relief from the November 17, 2016 Order denying his previous Rule 60 motion. *Id.*

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 18, 2008. ECF No. 1. Respondent filed a Motion for Summary Judgment on October 16, 2009. ECF Nos. 41–47. Because Petitioner is proceeding *pro se*, the Court issued an order on or about October 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Respondent's Motion for Summary Judgment and the possible consequences if he failed to respond adequately. ECF No. 48. Petitioner filed a Response in Opposition to Respondent's Motion, ECF No. 50, and a Motion for Summary Judgment, ECF No. 51, both on November 10, 2009. On August 4, 2010, the Magistrate Judge issued a Report and Recommendation ("the Report") recommending that Respondent's Motion for Summary

1

Judgment be granted and that Petitioner's Motion for Summary Judgment be denied. ECF No. 79. Petitioner objected to the Report on August 20, 2010. ECF No. 67. On September 13, 2010, this Court accepted the Report, overruled Petitioner's objections, granted the Respondent's Motion for Summary Judgment, and denied Petitioner's Motion for Summary Judgment. ECF No. 84.

Petitioner filed a Motion to Alter Order on September 24, 2010, ECF No. 72, seeking alteration of the Court's September 2010 Order Ruling on the Report and Recommendation, ECF No. 69. Respondent filed a Response in Opposition to the Motion to Alter Order on October 1, 2010. ECF No. 74. By Order docketed on October 12, 2010, the Court denied Petitioner's Motion to Alter Order. ECF No. 75. Petitioner appealed, and the Fourth Circuit dismissed the appeal and declined to issue a certificate of appealability. ECF No. 94.

Approximately one year later on December 13, 2012, Petitioner filed a "Motion to Set Aside" the September 2010 Order. ECF No. 95. That motion was denied on January 28, 2013. ECF No. 97. Petitioner then filed a Notice of Appeal of the 2013 order denying the Motion to Set Aside. ECF No. 103. The Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on June 20, 2013. ECF No. 117.

Petitioner filed a second "Motion to Alter" the September 2010 Judgment. ECF No. 99. On March 13, 2013, the Court denied the motion. ECF No. 108. Petitioner appealed and the appeal was terminated. ECF Nos. 112, 118. Thereafter Petitioner filed two motions pursuant to Rule 60(b) asking that the Court vacate its September 2010 Order and requesting that Judge Wooten and a magistrate judge be disqualified. ECF No. 119, 120. The motions were denied, ECF No. 123, and the appeal of the denial was dismissed by the Fourth Circuit, ECF No. 131.

This matter is now before the Court for consideration of Petitioner's April 13, 2017 motion, filed over six years after the Court denied his § 2254 petition. ECF No. 130. Petitioner seeks to vacate the Court's November 17, 2016 Order denying his previous Rule 60 motions. *Id.*

## **ANALYSIS**

Petitioner's motion seeks "relief from judgment" pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6). ECF No. 130. The basis of Petitioner's Rule 60(b) motion is not entirely clear, but he requests relief from the November 2016 judgment.

Federal Rule of Civil Procedure 60(b)(5)-(6) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). After careful review, the Court finds that Petitioner's Rule 60(b) motion is meritless and untimely and he is therefore not entitled to relief.

Regarding timing, a Rule 60(b) motion must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month

delay was not reasonable). Petitioner filed the instant motions over six years after the entry of the judgment and, therefore, his motion pursuant to Rule 60(b) is untimely.

Furthermore, even if he had filed his motion in a timely manner, the Fourth Circuit has already dismissed his direct appeal for the November 2016 Order, and there is no merit to his motion. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them."); *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances)).

Based upon a review of the record in this case, the Court concludes that no legally sufficient basis exists to vacate this Court's November 17, 2016 Order. Therefore, Petitioner's Rule 60(b) Motion, ECF No. 130, is **DENIED**.

**IT IS SO ORDERED**.

        *s/Terry L. Wooten*
        **TERRY L. WOOTEN**
        Chief United States District Judge

July 17, 2017
Columbia, South Carolina